IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:CR-03-246
:
**v.** :
:
**DENNIS ALLEN SPRIGGS** :

**M E M O R A N D U M**

**I. Introduction**

Before the court is a motion filed by Defendant pursuant to 28 U.S.C. § 2255. The motion appears to allege that Defendant should have received a greater reduction in his sentence for substantial assistance that he provided to the Government, as well as an allegation that he should not have been designated as a career offender. He claims that a 1981 conviction for burglary should not have been counted in arriving at a career offender designation.

**II. Background**

Petitioner pled guilty on February 4, 2002 to a count of distribution and possession with intent to distribute cocaine base. The amount of the drugs was at least 20 grams but less than 35 grams. This computed to a base offense level of 28. A three level reduction for acceptance of responsibility resulted in an offense level of 25. However, pursuant to USSG § 4B1.1 – a career offender designation – his offense level became 32 with a criminal history category of VI. With a three level reduction for acceptance of responsibility, Defendant's offense level became 29. His

guideline range then became 151 to 188 months.  Without the career offender determination, Defendant's offense level would have been level 25 with a criminal history of IV and a guideline range of 84 to 105 months.

Prior to sentencing, pursuant to a plea agreement, the Government filed a motion for departure pursuant to USSG § 5K1.1.  No objections were filed to the presentence report.  At sentencing, however, defense counsel did argue that the career offender designation overstated the seriousness of Defendant's criminal history.  The court sentenced Defendant to a term of imprisonment of 96 months, which was within the range of the downward departure motion filed by the Government.  No direct appeal was taken.

## III. Discussion

Defendant does not argue that this court did not understand that it had the discretion to depart below what the Government recommended for a reduction in his guideline offense level pursuant to § 5K1.1.  He does not allege incompetency of counsel.  Defendant appears to want a resentencing pursuant to *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).  However, pursuant to *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005), *Booker* does not apply retroactively to prisoners who seek such relief by way of collateral review such as a § 2255 motion.

Petitioner argues that his February 23, 1981 sentence for bank robbery should not have been assigned criminal history points because of its age and the "15-year window."  Defendant was sentenced on February 23, 1981 for the bank robbery; his sentence was reduced on February 24, 1982; and he was paroled on March 28,

1984.  However, his parole was revoked on July 1, 1988 and he was reparoled on January 12, 1990.

USSG § 4A1.2(e)(1) [applicable time period] speaks to the counting of any prior sentence that results in a defendant being incarcerated during the 15-year period – in this case, Defendant's parole violation sentence.  USSG § 4A1.2(k)(1) & (2) addresses parole revocations.  At (k)(2)(B), the guidelines note that revocation of parole may affect the time period under which sentences are counted pursuant to 4A1.2(e).  That section also states that the applicable time period is calculated from the date of the last release from incarceration on a sentence.

The important date that controls in the instant case is the parole date of January 12, 1990.  Thus, the 15-year window is well within Defendant's recent offenses which occurred between June 2002 and March 2003.  Therefore, the February 1981 sentence for robbery was accurately considered in the designation of Defendant as a career criminal.

For the foregoing reasons, the motion will be denied.

   s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 28, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-03-246**
:
**v.** :
:
**DENNIS ALLEN SPRIGGS** :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) the Clerk of Court shall close the file.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated: November 28, 2005.